Caruthers, J.,
delivered the opinion of the Court.
This case presents a question of conflicting equities and liens.
In June, 1857, Cox and Edward T. Carson purchased a tract of land of twenty acres, with a ferry, on Cumberland *608 river, in Jackson county, of Trice Hall, at §1400, and received a conveyance from him of that date. They executed their joint notes to John H. Eaton, the vendor of flail, for the consideration which is not yet fully paid. The bill charges that complainant paid §269, and Edward T. Carson only about $80. In April, 1858, complainn.nt sold out his interest to his partner. E. T. C.uxm. for §750, and toolc his obligation to pay all their joint debts, including those due for the land to Eaton and others, and gave him a bond for title. This bill is filed for the sale of the land for the payment of the amount still due on the original joint purchase, and then for the debt due to himself upon the sale made by himself to his partner.
To this relief there could be no objection if there were nothing else in the case. But Edward M. Carson, the father of Edward T., who was dead at the time of filing the bill, and his heirs are made parties, sets up a claim of priority in his answer, and by cross-bill, by virtue of a certain payment made by him to the original vendor, and a mortgaore from the said Edward T. Carson upon the same land, to secure the same, together with another debt of $75 he had against him. The land was sold under an interlocutory decree for $985, and the contest is for the fund. The case was referred to the Muster for an account of the respective claims of the parlies. He found that there was still duo and unpaid, including interest, by Cox and Carson on the debts for the land and ferry $794.96, and that Cox had advanced for the land $252.95, including interest. It also appeared that Edward T. was indebted to Edward M. Carson, §481.68. To secure this the deed of trust or mortgage upon this land was executed on the 24th July, 1858. This it will be seen was after the sale of his undivided moiety by Cox to his partner. There can be no question as to the right of com-plaiuaut to have the fund applied to the balance of the consideration of the land yet due by him and Edward T., against any rights of Edward M. Carson, under the mortgage. And in addition to this, the complainant has the vendor’s lien for *609 the $750 for which he sold his interest to his partner, which Avould also be paramount to the rights of Edward M. Carson, by virtue of his mortgage. This is all very clear. But another ground is assumed for Edward M. He advanced upwards of $300 to Edward T. Carson at the time of taking the deed of trust, which lie says was applied to the land debt to Eaton, and, therefore, he insists that he has a right to occupy the vantage ground of the vendor to that extent, as regards his lien. The fact of securing himself by mortgage shows that he loaned the money to his son, and considered it only as a debt against him, and not a payment towards the land, so as to create any equities in his favor, by substitution, or resulting trust. Upon the whole, we think the Chancellor correctly held that the proceeds of the land should go, first, to the-payment of the amount still due of the original consideration, and then to the complainant for the amount advanced by him on the purchase, as well as his debt for the one-half sold to Edward T. Carson, if anything should be left after paying the joint debts against them. So there will be nothing left to pass under the mortgage. The fund for rents in the hands of complainant will also be applied as directed by the Chancellor.
The whole decree is affirmed, and the cost in this court will be paid by Edward M. Carson, and the cost below as directed by the Chancellor, and the cause remanded.